United States District Court
Eastern District of North Carolina (Raleigh)

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)          v.                    CIVIL ACTION NO.   5:15-cv-465-D
)
) Justin Ortiz, Medical Life Alarm, LLC, PNHC, LLC, Freeus, LLC, Golden Aide
Communications, Inc., Joshua "Josh" Garner, Healthcom, Inc., Aaron Kirk,
Barbra Kirk
)        John/Jane Doe 1-10
)   Defendants.

**Plaintiff's Original Complaint**

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Medical Life Alarm, LLC is the former legal name of PNHC, LLC a North Carolina Corporation operating from 618 Toledo Court, Roseville, NC 27571. The registered agent and managing member is Justin Ortiz, 5017 Memory Lane, ste 100, Raleigh, NC 27609.

3. PNHC, LLC is a North Carolina Corporation operating from 618 Toledo Court, Roseville, NC 27571. The registered agent and member of the LLC is Justin Ortiz, 5017 Memory Lane ste 100, Raleigh, NC 27609.

4. Justin Ortiz is a natural person who is the managing member of PNHC, LLC and Medical Life Alarm, LLC and can be served at 5017 Memory

1

Lane, ste 100, Raleigh, NC 27609 or 618 Toledo Court, Roseville, NC 27571.

5. Freeus, LLC is a Florida LLC operating from 5699 Hrrison Blvd., ste 201, Ogden UT 84403 and a registered agent of CT Corporation System 1200 South Pine Island Road, Plantation, FL 33324.

6. Josh Garner is a manager of Freeus, LLC and can be served at 4699 Harrison Blvd., ste 201 Ogden, UT 84403.

7. Golden Aide Communications, Inc., is a Utah corporation and managing entity for Freeus, LLC and is operating from 3019 N. 875 W. Pleasant View, UT 84414. The registered agent is Joshua Garner at 4699 Harrison Blvd., ste 201, Ogden, UT 84403.

8. Healthcom Inc., is an Illinois corporation operating from 1600 W. Jackson St., Sullivan, IL 61951 and can be served via registered agent Ralph Kirk, 1600 W. Jackson St. Sullivan, IL 61951.

9. Aaron Kirk is an officer (president) of Healthcom Inc., and can be served at 406 N. Worth St. Sullivan IL, 61951 or 1600 W. Jackson St. Sullivan, IL 61951.

10. Barbara Kirk is an officer of Healthcom Inc., and can be served at 1600 W. Jackson St., Sullivan, IL 61951 or 202 ~~Elim~~ *Elm* Springs Dr., Sullivan, IL 61951.

## Jurisdiction

11. Jurisdiction of this court arises as the acts happened in this county

2

12. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here. The Defendants also reside in this court's jurisdiction so personal jurisdictin is apparent.

## FACTUAL ALLEGATIONS

13. In 2015, the Plaintiff recieved multiple phone calls from a company conducting soliciting consumers for a medical alert device. An entity calling on behalf of the defendants called the Plaintiff's cell phone on 07/27/2015 at 615-403-4644 which rang the Plaintiff's cell phone 615-212-9191.

14. The calling entity stated *"Hello, this is Megan calling from customer service at Medguardian medical alert"* which is a false statement as the entity was actually calling on behalf of Justin Ortiz and Medical Life Alarm, LLC.

15. The Plaintiff is not in need of a medical alarm system. The Plaintiff did not solicit anyone to call his cell phone for assistance in obtaining a medical alarm system. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system.

3

16. The calling entity claimed that the device was valued at $600, but would be sent to the Plaintiff for free.

17. The entity used an IVR system which uses pre-recorded messages in conjunction with a live person in a foreign country, typically the Philippines, pressing buttons in response to the Plaintiff's statements and making the sales pitch in perfect American English.

18. The agent then transferred the Plaintiff to Don Parker who explained how the system works. He claimed that the device would be free and sent to the Plaintiff for free. He identified the company as Medical Life Alarm and gave the phone number of 888-243-0978, which corresponds to the phone number on the company's website www.medicalifealarm.com, which was provided by Don.

19. Don stated that Medical Life Alarm is under a bigger company called Healthcom and that Healthcom does the monitoring services for Medical Life Alarm.

20. In an effort to identify all of the entities involved, during one of the multiple calls, the Plaintiff ordered a device to identify the manufacturer and monitoring company as they are vicariously liable for the illegal telephone calls placed on their behalf or for their benefit.

21. The device the Plaintiff recieved had a sticker and website www.healthcominc.com on the side of the box, which corresponds to the statements of Don who stated that Healthcom provides the monitoring services

**22.** Additionally, the device was named *"E-responder"* and had a trademark notice stating *"E-responder is a trademark of Freeus, LLC"* Upon further investigation, Freeus.com lists the E-responder product as one of their devices for sale to consumers.

**Corporate Officers are liable for the actions of their corporations**

23. Justin Ortiz, Josh Garner, Aaron Kirk and Barbra Kirk are the managers of of the related entities that are liable for the calls placed on behalf or for their benefit, and as such they are also personally liable for the damages to the Plaintiff. They are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made.

24. Justin Ortiz, Josh Garner, Aaron Kirk, and Barbra Kirk also failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA. In fact, they specifically crafted their dialing campaign in an attempt to circumvent TCPA liability by adding a bogus name of the purported entity calling at the beginning of the call. This demonstrates that the calls were knowingly made in an attempt to violate the TCPA. Each and every officer/manager of the respective corporations are directly and personally liable for the calls made on behalf of their corporation and at their direction.

25.

## TCPA Violations

26. These phone calls violated the TCPA in two ways, first by placing multiple automated telephone calls to the Plaintiff's cell phone in violation of 47 USC 227(b), and second by not conforming to the requirements of 47 USC 227(c)(5) and the FCC's rulemaking authority under 47 CFR 64.1200(d), which requires the defendants to have a written policy for maintaining a do-not-call list, failure to train agents and personnel engaged in telemarketing on the use of the do-not-call list, and the failure to identify the party placing the call or the entity for which the call is being placed. The Defendants are liable to the Plaintiff in the amount of $3,000 per call made, $1500 for violating 47 USC 227(b) and $1500 for violating 47 USC 227(c)(5).

27. The Plaintiff alleges direct liability for the listed corporations and the officers of the corporations. The FCC has defined a "Seller" as the entity whose goods or services are being offered in the calls and as such, the Defendants are liable as the medical alarm device is the "good" being offered and the monitoring services are the "service" being offered. The intent is that a violator of the TCPA can't hire someone to break the law on their behalf without facing TCPA liability.

28. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the telemarketing efforts for which their corporations benefitted. The officers

set company policy and directed the marketing efforts of the respective companies.

29. In total, each call was a willful and knowing violation of the TCPA entitling the Plaintiff to recover a total of $3,000 per call.

## Vicarious Liability

30. Although the calls were not directly placed by Freeus LLC or Healthcom Inc., the FCC has determined that companies can be liable for the actions of 3rd parties under common law agency principles such as a direct agency relationship as we have under these circumstances or

31. In making these calls, PNHC/Medical Life Alarm was selling the goods/services of Freeus, LLC and Healthcom Inc. There is clearly an agency relationship between the parties as well as PNCH/Medical Life Alarm is a distributor selling the goods of Freeus, LLC and services of Healthcom Inc. The defendant corporations have a contractual relationship between them and PNHC/Medical Life Alarm was granted access to the information and systems that would normally be within the exclusive control of Freeus, LLC and Healthcom Inc., to include special pricing and promotions. Freeus, LLC and Healthcom Inc., granted PNHC/Medical Life Alarm permission to use their trademarks and trade names in the efforts to sell more medical alarm devices. The telemarketing scripts and use of telemarketing was approved by Healthcom Inc. and Freeus, LLC. Both Healthcom Inc., and Freeus, LLC knew or should have known about the telemarketing violations by Medical life alarm/PNHC, LLC but they did

nothing to control the actions of their agent. All of the parties are also jointly and severally liable for the phone calls as well.

32. Similarly, the calls were placed with apparent authority, actual authority, and the ratification of Freeus, LLC and Healthcom Inc., and the respective executives/officers of the corporation. These companies knew of the illegal conduct by Medical Life alarm/PNHC, LLC ., and their improper telemarketing, and still refused to exercise control or authority over Defendant Medical Life alarm/PNHC, LLC to reduce or eliminate the improper sales methods.

### State law violations

33. These calls violated a multitude of state law regulations that govern telemarketing. These actions violated Chapter 75, article 4 of the North Carolina General Assembly

34. By placing an automated telephone solicition with a pre-recorded message, the defendants violated section 75-104(a) in each and every call.

35. By lying about the true name and identity of the party placing the calls, the defendants violated section 75-102(c)(1) in each and every call.

36. By failing to have written policies and procedures designed to prevent further telephone solicitiations to someone whose number appears in the "Do Not Call" registry, the defendants violated section 75-102(d) in each and every call.

37. By failing to monitor andenforce compliance of its employees and contractors, the defendants violated section 75-102(d) in each and every call.

38. By violating section 310.3 of the Telemarketing Sales rule, the Defendants violated 75-102(e) in each and every phone call.

39. By violating section 310.4 of the Telemarketing sales rule, the Defendants violated section 75-102(e) in each and every phone call.

40. By not inquiring if the Plaintiff was under the age of 18, the defendants violated section 75-102(g) in each and every phone call.

41. By knowingly circumventing caller ID, the defendants violated section 75-102(i) in each and every call.

42. By failing to state the nature and recorded legnth and ask permission before playing the pre-recorded messages the defendants violated section 75-104(b)(2) in each and every call.

43. By not maintaining a record for 24 months from the date of the solicitation, the defendants violated 75-102(j)

44. Each call contained multiple violations of state law and the Plaintiff is entitled to recover for each violation that occured in each call. Additionally, as there are multiple violations, the Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and all subsequent violations of state law within 2 years of the first violation.

45. This is a total of 10 violations per call with the first call being valued at a total of $~~41,500~~ 41,500 in statutory damages and each subsequent call being valued at $50,000 per call for state law violations.

## CAUSES OF ACTION:

## COUNT I

## Violations of the Telephone Consumer Protection Act (TCPA)

46. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

47. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by using an autoated telephone dialing system to place calls to the Plaintiff's cell phone in violation of 47 USC 227(b). This entitles the Plaintiff to recover $1500 per call.

## CAUSES OF ACTION:

## COUNT II

## Violations of the Telephone Consumer Protection Act (TCPA)

48. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

49. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by 47 USC 227(c)(5) by way of 47 CFR 64.1200(d) and failed to comply with the requirements to maintain and train employees on the use of a do-not-call list as well as to properly identify themselves to callers.

## COUNT III

## Violations of Chapter 75, article 4 et seq of the North Carolina General Assembly

50. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

51. The foregoing actions by the Defendants constitute multiple breaches of the Chapter 75, article 4 et seq of the North Carolina General Assembly.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call per the TCPA

C. Statutory damages of $4~~1,000~~ for the first call and $50,000 per call for each and every subsequent call per North Carolina state law. [41,500]

D. Pre-judgment interest from the date of the phone calls

E. Attorney's fees for bringing this action; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

Respectfully submitted, September 7th 2015

Craig Cunningham Plaintiff, Pro-se, 615-348-1977

5543 Edmondson Pike, ste 248, Nashville, TN 37211